IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION




GREAT SOUTHERN LIFE INSURANCE COMPANY, §

Plaintiff, §

V. §

JIM AARON; TRUDY ALLEN; ANTHONY A. ALLEN; RONNIE M. ALLEN; PATRICK ALLEN; VIC L. ARMSTREET; JIM ARON; ANGELA V. ATKINS; WILLIE F. AVANT; LINDA AVANT; TIMOTHY R. BALDUCCI; EDDIE W. BALLARD; BETTYE S. BANKS; SHIRLEY A. BARHAM; CAREMAN BARNES; HELEN L. BARRETT; WILLIE D. BASH; KATIE E. BEASLEY; PATRICIA A. BELL; WILLIAM BINDER; FENTON BISHOP; THOMAS F. BOATRIGHT; TERRANCE BOND; SAM E. BONNER, SR.; CLEOTHO BOSWELL; CHERRY BOSWELL; JOE L. BOWEN; ROSCOE BRADLEY; GEORGE E, BROWN, JR.; HENRY L. BROWN, JR.; CURTIS BUSH; GUS BUSH, JR.; WALLACE M. BYARS; RICHARD W. BYARS; GREGORY L. BYNUM; VICTORIA BYNUM; LARRY A. BYRD; BRENDA L. CALHOUN; FERRELL D. CALVERT; R.L. CALVERT; LOUISE CALVERT; MARIE CALVERT; LEROY CALVERT, JR.; HARVEY CANNON; VALENTINA CANNON; JIMMY CANNON, JR.; DENOVAL CANNON, SR.; APRIL DAWN CANUP; WILLIAM D. CANUP; BOBBY JOE CANUP, JR.; RUFUS B. CAROUTHERS; VIOLA CARTER; DEE C. CARTER; LIONEL CARTER; ANNIE I. CATTLEDGE; JERRY L. CHILDS; HOWARD CLARK; JOHNNY E. CLARK; MAURICE CLARK; L.A. CLARK, JR.; LARRY CLAY; CELANE CLAY; ALVIN A. CLEMONS; DARLENE K. CLEPPER; VICTOR ROY CLEPPER; DARRICK D. §

CIVIL ACTION NO.

3:02CV 104BN

3:02CV1816-D



COGGINS; GREGORY L. COLE; MILDRED §
COLE; DANNY COLEMAN; DONALD L. §
COLEMAN; HOWARD COLLINS; WILLIE §
B. COLLINS; HAROLD G. CONNER; §
MICHAEL COPELAND; CHARLES C. COX; §
ZACHARY B. CRAWFORD; JOHN W. §
CROWLEY; FRED CROWLEY, JR.; ANNIE §
V. CUNNINGHAM; TRICIA A. §
CUNNINGHAM; KITTIE M. §
CUNNINGHAM; BARBARA L. §
CUNNINGHAM; ELDEN DAILEY, JR.; §
DENNIS B. DALE; MARY C. DALE; §
CHARLES DAVENPORT; CATHEREAN §
DAVIDSON; ODELL DAVIDSON, JR.; §
GREGORY DEANS; JAMES DELOACH, JR.; §
YOLANDA J. DEVINE; JACQUELINE §
DISMUKE; TAMMY W. DOUGLAS; §
CURLEY D. DRAKE; JOHNNIE DRAKE; §
JEANETTE DUNLAP; CORBETT C. §
EDWARDS; VICKI EDWARDS; ERNEST §
EDWARDS; MINNIE M. EDWARDS; §
SARAH L. EDWARDS; TOMMIE L. §
EDWARDS; ARETHA R. EDWARDS; ROY §
L. ELLIOTT; WILLIE M. ELLIOTT; MARY §
A. EVANS; WILLIAM EVERETT; WILLIE F. §
EVERSON, JR.; FREDDIE L. FAIR; §
PEARLIE M. FERGUSON; LINDA P. §
FOARD; JEROME FOARD; JIMMY FORD; §
BRENDA K. FOREMAN; SAMMY FULTON; §
JESSIE GARDNER; ROBERT T. GASTON, §
SR.; TERESA GATES; JIMMIE L. GAVIN, §
SR.; LILLIE L. GILLARD; R.B. GODDARD; §
JOAN GODDARD; JEROME GOOCH; TONY §
D. GRAHAM; HENRY L. GRAY, JR.; MARY §
L. GREEN; MURPHY J. GRIFFIN; MELVIN §
GRIFFITH; JOE W. GUINES; NORAH §
HAIRSTON, JR.; CHARLIE E. HALL; §
MILTON HALL; JAMES A. HAMPTON; §
JAMES A. HAMPTON, SR.; COURTNEY F. §
HARMON; WILLIAM L. HARRIS; TOMMIE §
L. HARRIS; HELEN R. HARRIS; RICARDO §
M. HARRIS; SYLVESTER HART; DON L. §
HAUGHTON; DENISE M. HEARON; §
WILLIAM A. HENDERSON; RAMONA F. §
HENDERSON; ANDREW HENLEY; TONY §
T. HIBBLER; EDWARD E. HIBBLER; §

CHARLES L. HILL; ARTHUR L. HODGES; §
MARCELLIA HOGAN; IOLA HOGAN; §
JOHN W. HOLTON; PEARLIE M. HOWARD; §
PATRICIA A. HOWELL; ROBERT C. §
HUGHES; TIFFANY P. HUGHES; §
YOULANDA HYATT; OSCAR C. IVY; §
JACKIE E. IVY; ELLIS K. IVY; ELIZA J. §
JAMISON; MARILYN H. JAMISON; §
CHERLAIN A. JEFFERSON; MICHAEL E. §
JEFFERSON; WILLIE J. JEFFERSON; §
HENRY L. JEFFERSON; NORMAN §
JEFFERSON; GUSS JOHNSON; BOBBY C. §
JOHNSON; MARY L. JOHNSON; EDDIE L. §
JOHNSON; JERRY D. JOHNSON; LYNDON §
B. JOHNSON; ROMARIO O. JOHNSON; §
WILLIE L. JOHNSON, JR.; VASSOR S. §
JOINER; NANCY H. JONES; JAMES B. §
JONES; HELEN JONES; WILSON W. §
JONES; JACK R. JONES; MALINDA JONES; §
ROOSEVELT JONES; WILLIE C. JONES; §
HATTIE T. JORDAN; C.L. JORDAN; DAVID §
JUDINE; DOROTHY J. KELLY; BEATRICE §
L. KELLY; JAMES D. KELLY; DEBBIE §
KENT; MAZIE L. KING; ANNIE R. KNOTT; §
ERIC LAMB, SR.; JIMMIE LANE; DAVID J. §
LANG; JANICE LARKIN; PATRICIA A. §
LARRY; MAURICE LEE; ELLA L. LEE; §
SHIRLEY LENOIR; RICHARD LEPICIER; §
JERRY L. LEWIS; DAVID J. LOCKETT; §
MELVIN M. LOCKETT; JAMES D. §
LOCKETT; MALCOLM L. LOMAX; KAY W. §
LOWTHER; DENNIS B. LYLES; TERRY §
MACON; KENT MACON; ROBERT E. §
MALONE; ROBERT C. MALONE; JAMES C. §
MALONE; ROBERT L. MALONE; ALBERT §
L. MAPLES, JR.; RONALD S. MATHEWS; §
BOLDEN MATTHEWS; CHRISTOPHER §
MCBRAYER; LEON MCCARTER; JAMES §
M. MCCARVER, SR.; WILLIE B. §
MCCLENDON; ELLA MCCLENDON; §
WILLIE H. MCFARLAND; SHIRLEY F. §
MICHAEL; GEORGE L. MILES; J.W. §
MILLER; RICHARD MINOR; THEDRA §
JACKSON MONROE; ANNIE MOORE; §
WILLIE C. MORTON; JOHN C. MORTON; §
LUCIAN R. MOSELEY; LASANDGRA A. §

MOSLEY; FRANK MOSLEY, SR.; §
THEOTTIS NANCE; FRED NASH; NORMA §
C. NEAL; JESSIE J. NEAL; KENNETH D. §
NEAL; ANTHONY ODNEAL; VINCENT T. §
ONEAL; EARNEST ONEAL, JR.; WALLACE §
EDWARD OUTLAW; JERRY OUTLAW, SR.; §
HENRY L. OVERSTREET; WILLIE C. §
PARGO; WILFORD PATTERSON; §
SHERMAN PATTERSON; WILFORD §
PATTERSON, JR.; JAMES L. PERKINS; §
CURTIS T. PERRY; LINDA J. PETTY; LEE §
W. PETTY; CHRISTINE PETTY; WALLACE §
A. PHILLIPS; MANTHERIA PHILLIPS; §
EDWARD E. PIPPIN; SHAWNA C. §
PITTMAN; RAYMOND POE, JR.; MAURICE §
C. POLK; LINDA G. POWELL; GEORGE A. §
PRUITT; LUCY B. QUINN; DOROTHY SUE §
QUINN; L.L. QUINN, JR.; DEBRA J. §
RAINES; CAROLYN C. RANDLE; JAMES O. §
RANDLE; FRANK J. RANDLE; KAREN C. §
REID; MARGARET RHODEN; WAYNE P. §
RICE; HUGH R. ROBERTSON; GREGORY §
ROBERTSON; MARIETTA ROBERTSON; §
ESTATE OF LEROY ROBINSON; LEROY §
ROBINSON; HENRY ROBINSON, JR.; §
LILLIE M. ROBY; EDDIE S. ROGERS; §
ALVIN C. ROGERS; ROBERT L. RUPERT; §
EUPHUS D. RUTH; ANDRE RYLAND; §
ELOISE SANDERS; JOHN SANDERS; §
GERRY L. SANDERS; KENNETH F. §
SANFORD; JACK D. SAPPINGTON; J.T. §
SELVIE; JAMES E. SHAMBRY; FLOYD L. §
SHARPE; THOMAS SHAW; OKEMIAH P. §
SHAW; WILLIE B. SHELTON; AVIS L. §
SHELTON; HENRY SHELTON; JOHN §
SHERMAN; BESSIE R. SHIELDS; MELISSA §
G. SHOCKLEY; DENNIS SHOCKLEY; §
PATRICIA D. SHOCKLEY; CARRIE R. §
SIMS; DAN C. SIMS; MELISSA SIMS; PAUL §
F. SMITH; DANNY L. SMITH; VALERIE §
SMITH; JACQUENETT SMITH; CURTIS §
SMITH; KENT E. SMITH; JACQULINE A. §
SMITH; JOHN H. SMITH, JR.; MARCELLUS §
SMITH, JR.; FLORESTINE SPENCER; §
VERONICA SPRAGGINS; RHONDA M. §
STAFFORD; JOE E. STALLINGS; ERNEST §

## I.

## PARTIES

1. Great Southern is a life insurance company incorporated under the laws of the State of Texas with its principal place of business in Texas.

2. The Defendants are all present or former Great Southern policyowners who are citizens of the State of Mississippi and who purport to have opted-out of the settlement class certified in *In Re Great Southern Life Insurance Company Sales Practices Litigation;* MDL No. 1214; In the United States District Court for the Northern District of Texas (the "MDL Proceeding") and who have indicated to Great Southern in connection with or subsequent to their opt-out request, that they are represented by legal counsel.

## II.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this matter as this is an action between citizens of different states, there is complete diversity of citizenship, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332 and § 1367.

4. The Court has personal jurisdiction over each of the Defendants because they are all residents and citizens of the State of Mississippi.

5. Venue in this district is proper under 28 U.S.C. § 1391 because: (i) a defendant resides in this judicial district and all of the Defendants reside in the same State; (ii) a substantial part of the events or omissions giving rise to the claims occurred in this district; and/or (iii) all the Defendants are otherwise subject to personal jurisdiction in this district.

## III.

## FACTS

6. The Defendants are all present or former owners of one or more universal life insurance policies or excess interest whole life insurance policies issued by Great Southern since January 1, 1982. As such, they were all members of a nationwide class that was certified in the MDL Proceeding by the Honorable Joe Kendall on or about March 14, 2000, as amended by order dated June 13, 2001.

7. In the nationwide class action, the plaintiffs alleged that Great Southern engaged in a scheme to breach its policies of insurance and defraud its policyowners through certain alleged misconduct, including:

a. allegedly failing to compute the interest credits, mortality charges, and expense charges in accordance with the terms of the class policies;

b. allegedly designing and pricing the class policies in such a manner that Great Southern either knew or should have known that the policies would not perform as allegedly promised by Great Southern;

c. allegedly misrepresenting and failing to disclose certain material information regarding Great Southern's interest crediting rates, mortality charges, and expense charges with respect to the class policies; and

d. allegedly engaging in other misconduct as alleged in the Consolidated Second Amended Class Action Complaint, attached to this Complaint as Exhibit "1."

Great Southern has denied, and continues to deny, each of these allegations of misconduct.

8. On or about April 6, 2001, Great Southern and the lead counsel for the nationwide class executed a proposed class-wide settlement. Under the terms of the proposed settlement,

class members who did not wish to settle were given the opportunity to opt-out of the nationwide class.

9. Upon learning of the proposed settlement, attorneys across the country, including certain attorneys in the State of Mississippi, began running a series of television commercials and print advertisements soliciting class members to opt-out of the nationwide class and engage their firms.

10. Apparently in response to these opt-out solicitations, the Defendants and approximately 1,000 other present and former Great Southern policyowners purported to opt-out of the nationwide class and notified Great Southern that they had retained legal counsel to represent them.

11. On or about January 14, 2002, Judge Kendall signed an order approving the nationwide class settlement and dismissing with prejudice the nationwide class action. The Defendants, however, have purported to opt-out of the nationwide class and, therefore, assert that they are not bound by Judge Kendall's dismissal order. Thus, a dispute continues to exist between Great Southern, on the one hand, and the Defendants, on the other hand, as to whether Great Southern has any liability to the Defendants with respect to the allegations described in the Consolidated Second Amended Class Action Complaint, attached hereto as Exhibit "1." This dispute is continuing and ongoing, and it is ripe for resolution by this Court.

12. All conditions precedent to this action have occurred or been waived.

## IV.

## CAUSE OF ACTION

13. The allegations in paragraphs 1-12 are incorporated by reference.

14. Pursuant to 28 U.S.C. § 2201 and any other applicable rule or law, Great Southern requests that the Court issue a declaratory judgment that:

a. Great Southern's practices and procedures for crediting interest and deducting mortality and expense charges on the universal life and excess interest whole life insurance policies owned by the Defendants do not violate the terms of those policies; and

b. Great Southern has no liability to the Defendants with respect to the matters alleged in the Consolidated Second Amended Class Action Complaint, attached to this Complaint as Exhibit "1."

15. Alternatively, in the event that the Court concludes that the joinder of all the Defendants in this action is impracticable, Great Southern requests that the Court: (i) certify the Defendants as a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure; (ii) appoint one or more of the Defendants as a class representative; and (iii) issue the declaratory relief described above.

WHEREFORE, PREMISES CONSIDERED, Great Southern respectfully requests that process be issued commanding the Defendants to appear and answer herein and that, upon a final hearing of this cause, the Court enter a final judgment declaring Great Southern's rights and obligations under the subject policies and its related conduct and practices and,specifically, finding as follows:

a. declaring the rights of Great Southern and the Defendants, as set forth above;

b. awarding Great Southern its attorneys' fees, expenses, and costs of court; and

c. declaring appropriate equitable relief to which Great Southern is entitled; and/or

d. awarding Great Southern such other and further relief to which it is justly entitled.

Respectfully submitted,

GREAT SOUTHERN LIFE INSURANCE COMPANY, Plaintiff

Ross F. Bass, Jr. (MBN 21[illegible])
John W. Robinson, III (MB 9020)
James W. Craig (MBN 7798)
PHELPS DUNBAR LLP
200 S. Lamar Street, Suite 500
P. O. Box 23066
Jackson, MS 39225-3066
Telephone (601) 352-2300
Facsimile (601) 360-9777

ATTORNEYS FOR GREAT SOUTHERN LIFE INSURANCE COMPANY

**OF COUNSEL:**

Edwin R. DeYoung
Texas State Bar No. 05673000
Roger B. Cowie
Texas State Bar No. 00783886
David G. Cabrales
Texas State Bar No. 00787179
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: 214/740-8000
Telecopier: 214/740-8800

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | | |
|---|---|---|
| GREAT SOUTHERN LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>V.<br><br>JIM AARON; TRUDY ALLEN; ANTHONY A. ALLEN; RONNIE M. ALLEN; PATRICK ALLEN; VIC L. ARMSTREET; JIM ARON; ANGELA V. ATKINS; WILLIE F. AVANT; LINDA AVANT; TIMOTHY R. BALDUCCI; EDDIE W. BALLARD; BETTYE S. BANKS; SHIRLEY A. BARHAM; CAREMAN BARNES; HELEN L. BARRETT; WILLIE D. BASH; KATIE E. BEASLEY; PATRICIA A. BELL; WILLIAM BINDER; FENTON BISHOP; THOMAS F. BOATRIGHT; TERRANCE BOND; SAM E. BONNER, SR.; CLEOTHO BOSWELL; CHERRY BOSWELL; JOE L. BOWEN; ROSCOE BRADLEY; GEORGE E, BROWN, JR.; HENRY L. BROWN, JR.; CURTIS BUSH; GUS BUSH, JR.; WALLACE M. BYARS; RICHARD W. BYARS; GREGORY L. BYNUM; VICTORIA BYNUM; LARRY A. BYRD; BRENDA L. CALHOUN; FERRELL D. CALVERT; R.L. CALVERT; LOUISE CALVERT; MARIE CALVERT; LEROY CALVERT, JR.; HARVEY CANNON; VALENTINA CANNON; JIMMY CANNON, JR.; DENOVAL CANNON, SR.; APRIL DAWN CANUP; WILLIAM D. CANUP; BOBBY JOE CANUP, JR.; RUFUS B. CAROUTHERS; VIOLA CARTER; DEE C. CARTER; LIONEL CARTER; ANNIE I. CATTLEDGE; JERRY L. CHILDS; HOWARD CLARK; JOHNNY E. CLARK; MAURICE CLARK; L.A. CLARK, JR.; LARRY CLAY; CELANE CLAY; ALVIN A. CLEMONS; DARLENE K. CLEPPER; VICTOR ROY CLEPPER; DARRICK D. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br><br>____________________ |

COGGINS; GREGORY L. COLE; MILDRED COLE; DANNY COLEMAN; DONALD L. COLEMAN; HOWARD COLLINS; WILLIE B. COLLINS; HAROLD G. CONNER; MICHAEL COPELAND; CHARLES C. COX; ZACHARY B. CRAWFORD; JOHN W. CROWLEY; FRED CROWLEY, JR.; ANNIE V. CUNNINGHAM; TRICIA A. CUNNINGHAM; KITTIE M. CUNNINGHAM; BARBARA L. CUNNINGHAM; ELDEN DAILEY, JR.; DENNIS B. DALE; MARY C. DALE; CHARLES DAVENPORT; CATHEREAN DAVIDSON; ODELL DAVIDSON, JR.; GREGORY DEANS; JAMES DELOACH, JR.; YOLANDA J. DEVINE; JACQUELINE DISMUKE; TAMMY W. DOUGLAS; CURLEY D. DRAKE; JOHNNIE DRAKE; JEANETTE DUNLAP; CORBETT C. EDWARDS; VICKI EDWARDS; ERNEST EDWARDS; MINNIE M. EDWARDS; SARAH L. EDWARDS; TOMMIE L. EDWARDS; ARETHA R. EDWARDS; ROY L. ELLIOTT; WILLIE M. ELLIOTT; MARY A. EVANS; WILLIAM EVERETT; WILLIE F. EVERSON, JR.; FREDDIE L. FAIR; PEARLIE M. FERGUSON; LINDA P. FOARD; JEROME FOARD; JIMMY FORD; BRENDA K. FOREMAN; SAMMY FULTON; JESSIE GARDNER; ROBERT T. GASTON, SR.; TERESA GATES; JIMMIE L. GAVIN, SR.; LILLIE L. GILLARD; R.B. GODDARD; JOAN GODDARD; JEROME GOOCH; TONY D. GRAHAM; HENRY L. GRAY, JR.; MARY L. GREEN; MURPHY J. GRIFFIN; MELVIN GRIFFITH; JOE W. GUINES; NORAH HAIRSTON, JR.; CHARLIE E. HALL; MILTON HALL; JAMES A. HAMPTON; JAMES A. HAMPTON, SR.; COURTNEY F. HARMON; WILLIAM L. HARRIS; TOMMIE L. HARRIS; HELEN R. HARRIS; RICARDO M. HARRIS; SYLVESTER HART; DON L. HAUGHTON; DENISE M. HEARON; WILLIAM A. HENDERSON; RAMONA F. HENDERSON; ANDREW HENLEY; TONY T. HIBBLER; EDWARD E. HIBBLER; § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

CHARLES L. HILL; ARTHUR L. HODGES; §
MARCELLIA HOGAN; IOLA HOGAN; §
JOHN W. HOLTON; PEARLIE M. HOWARD; §
PATRICIA A. HOWELL; ROBERT C. §
HUGHES; TIFFANY P. HUGHES; §
YOULANDA HYATT; OSCAR C. IVY; §
JACKIE E. IVY; ELLIS K. IVY; ELIZA J. §
JAMISON; MARILYN H. JAMISON; §
CHERLAIN A. JEFFERSON; MICHAEL E. §
JEFFERSON; WILLIE J. JEFFERSON; §
HENRY L. JEFFERSON; NORMAN §
JEFFERSON; GUSS JOHNSON; BOBBY C. §
JOHNSON; MARY L. JOHNSON; EDDIE L. §
JOHNSON; JERRY D. JOHNSON; LYNDON §
B. JOHNSON; ROMARIO O. JOHNSON; §
WILLIE L. JOHNSON. JR.; VASSOR S. §
JOINER; NANCY H. JONES; JAMES B. §
JONES; HELEN JONES; WILSON W. §
JONES; JACK R. JONES; MALINDA JONES; §
ROOSEVELT JONES; WILLIE C. JONES; §
HATTIE T. JORDAN; C.L. JORDAN; DAVID §
JUDINE; DOROTHY J. KELLY; BEATRICE §
L. KELLY; JAMES D. KELLY; DEBBIE §
KENT; MAZIE L. KING; ANNIE R. KNOTT; §
ERIC LAMB, SR.; JIMMIE LANE; DAVID J. §
LANG; JANICE LARKIN; PATRICIA A. §
LARRY; MAURICE LEE; ELLA L. LEE; §
SHIRLEY LENOIR; RICHARD LEPICIER; §
JERRY L. LEWIS; DAVID J. LOCKETT; §
MELVIN M. LOCKETT; JAMES D. §
LOCKETT; MALCOLM L. LOMAX; KAY W. §
LOWTHER; DENNIS B. LYLES; TERRY §
MACON; KENT MACON; ROBERT E. §
MALONE; ROBERT C. MALONE; JAMES C. §
MALONE; ROBERT L. MALONE; ALBERT §
L. MAPLES, JR.; RONALD S. MATHEWS; §
BOLDEN MATTHEWS; CHRISTOPHER §
MCBRAYER; LEON MCCARTER; JAMES §
M. MCCARVER, SR.; WILLIE B. §
MCCLENDON; ELLA MCCLENDON; §
WILLIE H. MCFARLAND; SHIRLEY F. §
MICHAEL; GEORGE L. MILES; J.W. §
MILLER; RICHARD MINOR; THEDRA §
JACKSON MONROE; ANNIE MOORE; §
WILLIE C. MORTON; JOHN C. MORTON; §
LUCIAN R. MOSELEY; LASANDGRA A. §

MOSLEY; FRANK MOSLEY, SR.; §
THEOTTIS NANCE; FRED NASH; NORMA §
C. NEAL; JESSIE J. NEAL; KENNETH D. §
NEAL; ANTHONY ODNEAL; VINCENT T. §
ONEAL; EARNEST ONEAL, JR.; WALLACE §
EDWARD OUTLAW; JERRY OUTLAW, SR.; §
HENRY L. OVERSTREET; WILLIE C. §
PARGO; WILFORD PATTERSON; §
SHERMAN PATTERSON; WILFORD §
PATTERSON, JR.; JAMES L. PERKINS; §
CURTIS T. PERRY; LINDA J. PETTY; LEE §
W. PETTY; CHRISTINE PETTY; WALLACE §
A. PHILLIPS; MANTHERIA PHILLIPS; §
EDWARD E. PIPPIN; SHAWNA C. §
PITTMAN; RAYMOND POE, JR.; MAURICE §
C. POLK; LINDA G. POWELL; GEORGE A. §
PRUITT; LUCY B. QUINN; DOROTHY SUE §
QUINN; L.L. QUINN, JR.; DEBRA J. §
RAINES; CAROLYN C. RANDLE; JAMES O. §
RANDLE; FRANK J. RANDLE; KAREN C. §
REID; MARGARET RHODEN; WAYNE P. §
RICE; HUGH R. ROBERTSON; GREGORY §
ROBERTSON; MARIETTA ROBERTSON; §
ESTATE OF LEROY ROBINSON; LEROY §
ROBINSON; HENRY ROBINSON, JR.; §
LILLIE M. ROBY; EDDIE S. ROGERS; §
ALVIN C. ROGERS; ROBERT L. RUPERT; §
EUPHUS D. RUTH; ANDRE RYLAND; §
ELOISE SANDERS; JOHN SANDERS; §
GERRY L. SANDERS; KENNETH F. §
SANFORD; JACK D. SAPPINGTON; J.T. §
SELVIE; JAMES E. SHAMBRY; FLOYD L. §
SHARPE; THOMAS SHAW; OKEMIAH P. §
SHAW; WILLIE B. SHELTON; AVIS L. §
SHELTON; HENRY SHELTON; JOHN §
SHERMAN; BESSIE R. SHIELDS; MELISSA §
G. SHOCKLEY; DENNIS SHOCKLEY; §
PATRICIA D. SHOCKLEY; CARRIE R. §
SIMS; DAN C. SIMS; MELISSA SIMS; PAUL §
F. SMITH; DANNY L. SMITH; VALERIE §
SMITH; JACQUENETT SMITH; CURTIS §
SMITH; KENT E. SMITH; JACQULINE A. §
SMITH; JOHN H. SMITH, JR.; MARCELLUS §
SMITH, JR.; FLORESTINE SPENCER; §
VERONICA SPRAGGINS; RHONDA M. §
STAFFORD; JOE E. STALLINGS; ERNEST §

STALLINGS; LUTISHIA STALLINGS; DEBORAH J. STAPLES; ARTHUR B. STOCKETT; DWYAN L. SUGGS; TREMETRICE L. SUMMERVILLE; WILLIE C. SWIFT; CARRIE P. SYKES; MONICA Y. SYKES; WILLIAM C. TAGGART; ABNER TALLIE; MARSHALL E. TALLIE; JOYCE A. TAYLOR; RUSSELL TAYLOR; KIMBERLY TAYLOR; LARRY D. TEDFORD; LOUISE R. TERRY; KENNETH A. THOMAS; DOROTHY A. THOMPSON; LARRY W. THOMPSON; LORETTA TILLMAN; LORAINE TRAVIS; TIFFANY M. TRUITT; JOHNNIE W. TURNIPSEED; HENRY N. VAUGHN; MICHAEL WALKER; DAVID L. WALKER; BYRON WALKER; LUE T. WALKER; BENNY F. WALLS; DOUGLAS K. WALLS; RHODIE D. WARE; PATRICIA A. WARE; DOROTHY J. WASHINGTON; DIANE R. WATKINS; MICHAEL A. WATKINS; RACHAEL H. WEBB; SAM E. WELLS; WILLIE B. WELLS; JOSEPH WELLS; VIRGIL WELLS, JR.; VIVIAN WELLS, JR.; DWAYNE WHITE; TRANIE L. WHITE; RUTH H. WILLIAMS; LOISTEEN H. WILLIAMS; CURTIS B. WILLIAMS; DELVECHIO D. WILLIAMS; DENEESE D. WILLIAMS; ARTHUR L. WILLIAMS, JR.; MARY E. WILSON; JAMES E. WILSON; BARBARA WITHERSPOON; GERALD WITHERSPOON; GARY L. WORDLAW; AL YOUNG; ROGER L. YOUNG; CHARLES E. YOUNG; NORMA J. YOUNG,

Defendants.

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

---

**COMPLAINT**

---

COMES NOW Great Southern Life Insurance Company ("Great Southern"), by and through its counsel, and pursuant to 28 U.S.C. § 2201 and Fed.R.Civ.P. 57, files this Complaint for Declaratory Relief and would respectfully show as follows:

I.

**PARTIES**

1. Great Southern is a life insurance company incorporated under the laws of the State of Texas with its principal place of business in Texas.

2. The Defendants are all present or former Great Southern policyowners who are citizens of the State of Mississippi and who purport to have opted-out of the settlement class certified in *In Re Great Southern Life Insurance Company Sales Practices Litigation:* MDL No. 1214; In the United States District Court for the Northern District of Texas (the "MDL Proceeding") and who have indicated to Great Southern in connection with or subsequent to their opt-out request, that they are represented by legal counsel.

II.

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction over this matter as this is an action between citizens of different states, there is complete diversity of citizenship, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332 and § 1367.

4. The Court has personal jurisdiction over each of the Defendants because they are all residents and citizens of the State of Mississippi.

5. Venue in this district is proper under 28 U.S.C. § 1391 because: (i) a defendant resides in this judicial district and all of the Defendants reside in the same State; (ii) a substantial part of the events or omissions giving rise to the claims occurred in this district; and/or (iii) all the Defendants are otherwise subject to personal jurisdiction in this district.

III.

**FACTS**

6. The Defendants are all present or former owners of one or more universal life insurance policies or excess interest whole life insurance policies issued by Great Southern since January 1, 1982. As such, they were all members of a nationwide class that was certified in the MDL Proceeding by the Honorable Joe Kendall on or about March 14, 2000, as amended by order dated June 13, 2001.

7. In the nationwide class action, the plaintiffs alleged that Great Southern engaged in a scheme to breach its policies of insurance and defraud its policyowners through certain alleged misconduct, including:

a. allegedly failing to compute the interest credits, mortality charges, and expense charges in accordance with the terms of the class policies;

b. allegedly designing and pricing the class policies in such a manner that Great Southern either knew or should have known that the policies would not perform as allegedly promised by Great Southern;

c. allegedly misrepresenting and failing to disclose certain material information regarding Great Southern's interest crediting rates, mortality charges, and expense charges with respect to the class policies; and

d. allegedly engaging in other misconduct as alleged in the Consolidated Second Amended Class Action Complaint, attached to this Complaint as Exhibit "1."

Great Southern has denied, and continues to deny, each of these allegations of misconduct.

8. On or about April 6, 2001, Great Southern and the lead counsel for the nationwide class executed a proposed class-wide settlement. Under the terms of the proposed settlement,

class members who did not wish to settle were given the opportunity to opt-out of the nationwide class.

9. Upon learning of the proposed settlement, attorneys across the country, including certain attorneys in the State of Mississippi, began running a series of television commercials and print advertisements soliciting class members to opt-out of the nationwide class and engage their firms.

10. Apparently in response to these opt-out solicitations, the Defendants and approximately 1,000 other present and former Great Southern policyowners purported to opt-out of the nationwide class and notified Great Southern that they had retained legal counsel to represent them.

11. On or about January 14, 2002, Judge Kendall signed an order approving the nationwide class settlement and dismissing with prejudice the nationwide class action. The Defendants, however, have purported to opt-out of the nationwide class and, therefore, assert that they are not bound by Judge Kendall's dismissal order. Thus, a dispute continues to exist between Great Southern, on the one hand, and the Defendants, on the other hand, as to whether Great Southern has any liability to the Defendants with respect to the allegations described in the Consolidated Second Amended Class Action Complaint, attached hereto as Exhibit "1." This dispute is continuing and ongoing, and it is ripe for resolution by this Court.

12. All conditions precedent to this action have occurred or been waived.

## IV.

## CAUSE OF ACTION

13. The allegations in paragraphs 1-12 are incorporated by reference.

14. Pursuant to 28 U.S.C. § 2201 and any other applicable rule or law. Great Southern requests that the Court issue a declaratory judgment that:

a. Great Southern's practices and procedures for crediting interest and deducting mortality and expense charges on the universal life and excess interest whole life insurance policies owned by the Defendants do not violate the terms of those policies; and

b. Great Southern has no liability to the Defendants with respect to the matters alleged in the Consolidated Second Amended Class Action Complaint, attached to this Complaint as Exhibit "1."

15. Alternatively, in the event that the Court concludes that the joinder of all the Defendants in this action is impracticable, Great Southern requests that the Court: (i) certify the Defendants as a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure; (ii) appoint one or more of the Defendants as a class representative; and (iii) issue the declaratory relief described above.

WHEREFORE, PREMISES CONSIDERED, Great Southern respectfully requests that process be issued commanding the Defendants to appear and answer herein and that, upon a final hearing of this cause, the Court enter a final judgment declaring Great Southern's rights and obligations under the subject policies and its related conduct and practices and,specifically, finding as follows:

a. declaring the rights of Great Southern and the Defendants, as set forth above;

b. awarding Great Southern its attorneys' fees, expenses, and costs of court; and

c. declaring appropriate equitable relief to which Great Southern is entitled; and/or

d. awarding Great Southern such other and further relief to which it is justly entitled.

Respectfully submitted,

GREAT SOUTHERN LIFE INSURANCE COMPANY, Plaintiff

Ross F. Bass, Jr. (MBN 2186)
John W. Robinson, III (MB 9020)
James W. Craig (MBN 7798)
PHELPS DUNBAR LLP
200 S. Lamar Street, Suite 500
P. O. Box 23066
Jackson, MS 39225-3066
Telephone (601) 352-2300
Facsimile (601) 360-9777

ATTORNEYS FOR GREAT SOUTHERN LIFE INSURANCE COMPANY

**OF COUNSEL:**

Edwin R. DeYoung
Texas State Bar No. 05673000
Roger B. Cowie
Texas State Bar No. 00783886
David G. Cabrales
Texas State Bar No. 00787179
LOCKE LIDDELL & SAPP LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Telephone: 214/740-8000
Telecopier: 214/740-8800